## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SHANON JENNINGS, ) | |
| ) | Civil Action File No. _____ |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| SWISSPORT CARGO SERVICES, ) | |
| L.P., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Shanon Jennings ("Plaintiff" or "Mr. Jennings") files this Complaint for Equitable Relief and Damages against Defendant Swissport Cargo Services, L.P. ("Swissport" or "Defendant") showing the Court the following:

### Introduction

1. This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq.*, to correct unlawful employment practices on the basis of disability, to vindicate Plaintiff Jennings's rights, and to make him whole.

1

## Exhaustion of Administrative Remedies

2. On August 25, 2020, Mr. Jennings filed a charge of discrimination – Charge No. 410-2020-07917 – with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which he complains.

3. The EEOC issued a Dismissal and Notice of Rights to Mr. Jennings on May 4, 2021.

4. Mr. Jennings brings this suit within ninety (90) days of the receipt of his Dismissal and Notice of Rights and, thus, exhausts his administrative remedies.

## Jurisdiction and Venue

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

6. Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant Swissport conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

## The Parties

7. Mr. Jennings is a citizen of the United States and a resident of the State of Georgia.

8. Mr. Jennings is and, at all times relevant hereto, was an individual with a disability as that term is defined by 42 U.S.C. § 12102(1).

9. Mr. Jennings is a person with a disability because he has actual physical impairments causing substantial limitations in one or more major life activity, because he has a record of impairment, and because Swissport regarded him as having an impairment.

10. Mr. Jennings is capable of performing the essential functions of his job as a Cargo Supervisor with an accommodation.

11. Defendant Swissport is a for-profit corporation licensed to do business in Georgia and transacts business in the Northern District of Georgia.

12. Swissport is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

13. Defendant is subject to the Court's jurisdiction and may be served with process through its registered agent for service of process, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## Statement of Facts

14. Mr. Jennings began his employment with Defendant in August 2019.

15. Defendant suffers from a disability that was exacerbated by the intense work requirements at Swissport.

16. Mr. Jennings requested several accommodations, including reassignment to a light duty position until he could have surgery and medical leave of a definite duration but was denied all accommodations by Swissport.

17. When Mr. Jennings had to miss work for medical appointments or for treatment for his disability, he provided Swissport – through his supervisor – medical documentation to support his absences.

18. Rather accommodate Mr. Jennings's disability, Swissport terminated his employment for alleged policy violation and would not disclose which policy was violated.

## COUNT I
## Violation of ADA – Regarded As Disabled

19. At all times relevant hereto, Defendant has been subject to the requirement of Title I of the Americans with Disabilities Act as amended by the ADA.

20. At all times relevant hereto, Mr. Jennings was an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(1)(C) because Defendant regarded him as a person with an impairment as defined by the Act.

21.     Moreover, at all times relevant hereto, Mr. Jennings has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of the job.

22.     Defendant terminated Mr. Jennings because it regarded him as disabled.

23.     Defendant's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

24.     The actions taken against Mr. Jennings by Defendant have caused him to suffer both monetary and non-monetary damages.

25.     As a direct and proximate result of Defendant's intentional discrimination, Mr. Jennings has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

26.     Pursuant to the ADA, Mr. Jennings is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional distress damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

27. Accordingly, Mr. Jennings is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of his rights under the ADA.

## COUNTS II and III
## Actual Discrimination and Failure to Accommodate in Violation of ADA

28. At all times relevant hereto, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

29. At all times relevant hereto, Mr. Jennings was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

30. Mr. Jennings' disabilities substantially limited one or more major life activities.

31. At all times relevant hereto, Mr. Jennings has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of his job with accommodation.

32. Defendant was aware of Mr. Jennings disabilities and history and record of disability.

33. Mr. Jennings requested accommodations from Defendant relating to his disabilities including temporary reassignment to light duty positions and/or medical

leave of a time limited duration for his disability: that he be permitted time for surgery.

34. Defendant refused to grant Mr. Jennings accommodation requests and terminated his employment because of his disability.

35. Defendant's actions amount to a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

36. The actions taken against Mr. Jennings by Defendant have caused him to suffer both monetary and non-monetary damages.

37. As a direct and proximate result of Defendant's intentional discrimination, Mr. Jennings has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

38. Pursuant to the ADA, Mr. Jennings is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional distress damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

39. Accordingly, Mr. Jennings is entitled to the equitable and monetary

relief set forth in the following prayer for relief for Defendant's violation of his rights under the ADA.

## COUNT IV
### Retaliation in Violation of the ADA

40. At all times relevant hereto, Defendant has been subject to the requirements of Title I of the ADA.

41. At all times relevant hereto, Mr. Jennings was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

42. From January through March 2020, Mr. Jennings engaged in protected activity under the ADA when he requested a reasonable accommodation for his ADA-covered disability.

43. Defendant refused to grant Mr. Jennings request for accommodation and terminated his employment in retaliation for requesting an accommodation in violation of the ADA.

44. Defendant's actions in retaliating against Mr. Jennings following his requests for reasonable accommodation were committed with reckless disregard for his right to be free from retaliatory treatment in violation of the ADA.

45. The effect of Defendant's above-mentioned conduct has been to deprive Mr. Jennings of equal employment opportunities and benefits due to his willingness to engage in protected activity.

46.	The actions taken against Mr. Jennings by Defendant have caused him to suffer both monetary and non-monetary damages.

47.	Pursuant to the ADA, Mr. Jennings is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional distress damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

48.	Accordingly, Mr. Jennings is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of his rights under the ADA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

(a)	A declaration that Defendant has violated Plaintiff's under the federal statutes listed above;

(b)	A permanent injunction against Defendant enjoining Defendant from further violations of the federal statutes listed above;

(c)	Judgment in Plaintiff's favor and against Defendant under all counts of this Complaint;

(d)	Order Defendant to make Mr. Jennings whole by providing for his out-

of pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, taking into account all raises to which Mr. Jennings would have been entitled, together with interest thereon, all in an amount to be proven at trial;

  (e) Order that Mr. Jennings be reinstated or, in the alternative, be awarded front pay;

  (f) Grant to Mr. Jennings compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

  (g) Grant to Mr. Jennings punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendant for its conduct toward Mr. Jennings and deter Defendant from similar conduct in the future for Defendant's willful and intentional violations of federal law;

  (h) Grant to Mr. Jennings a jury trial on all issues so triable;

  (i) Grant to Mr., Jennings his reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action; and

(j)     Grant such additional monetary and equitable relief as the Court deems proper and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 2nd day of August 2021.

**LEGARE, ATTWOOD & WOLFE, LLC**

<u>**Cheryl B. Legare**</u>
Georgia Bar No. 038553
cblegare@law-llc.com

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
 Facsimile: (470) 201-1212